UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-80872-ROSENBERG

NORTH PALM MOTORS, LLC, d/b/a
NAPLETON'S CAR RENTAL CENTER,

    Plaintiff,
v.

GENERAL MOTORS LLC,

    Defendant.
                                      /

## ORDER DENYING THE PLAINTIFF'S
## MOTION TO STRIKE DEFENDANT'S PROPOSAL FOR SETTLEMENT

This cause is before the Court upon the Plaintiff's Expedited Motion to Strike Defendant's Proposal for Settlement [191]. The Defendant filed a response at docket entry 194. Because the Plaintiff has requested an expedited ruling, because the offer of settlement expires in a matter of days, because other matters in this case require expeditious adjudication, and because of the close proximity of trial, the Court has ruled on the Motion without the benefit of a reply brief. The Court deems a reply brief unnecessary, however, for the reasons set forth below.

The Defendant served an offer of judgment on the Plaintiff pursuant to Florida Statute § 768.78(7)(a).[1] For the offer of judgment to be valid, it must be unambiguous. *E.g., FAU v. Bowman*, 853 So. 2d 507, 510 (Fla. Dist. Ct. App. 2003). The Plaintiff argues that the Defendant's offer of judgment is ambiguous by pointing to an alleged disparity in the terms of the proposal for settlement and the terms in the settlement agreement attached to the proposal. The proposal states that the offer of judgment is made "in full and final settlement of all claims

---

[1] Section 786.79 is "substantive law for *Erie* purposes" in federal court. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011).

for damages, interest costs, or attorney's fees that could otherwise be awarded in a final judgment between Plaintiff and Defendant." As to this language, the Plaintiff takes no issue—it is clearly limited to the instant case and the instant Plaintiff. What the Plaintiff argues is ambiguous is the juxtaposition of the foregoing language in the settlement proposal with the more expansive language in the general release in the attached settlement agreement:

> By signing below, Plaintiff, on its own behalf, and on behalf of any predecessors-in-interest, successors-in-interest, assigns, subsidiaries, divisions, **or affiliated entities, and the respective current and former directors, officers, shareholders, partners, owners, principals, agents, employees, attorneys, and accountants of each** (collectively, the "Plaintiff Releasors"), forever release and discharge GM, and its respective current and former directors, officers, shareholders, partners, principals, agents, employees, attorneys, and accountants, and any predecessors-in-interest, successors-in-interest, assigns, subsidiaries, divisions or affiliates, and each and all of their current or former directors, officers, agents, employees, attorneys, and accountants (collectively the "GM Releasees") of and from all disputes, claims, causes of action, actions, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, liabilities and demands of whatever kind and character, including without limitation all claims, demands or causes of action, of any kind whatsoever, **whether known or unknown**, foreseen or unforeseen, liquidated or unliquidated, potential or actual.

DE 191 at 4 (emphasis added).

The Plaintiff argues that it is an auto dealership "affiliated" with other auto dealerships, and that it is unclear whether, pursuant to the general release, claims for other auto dealerships are released. The Plaintiff's argument is unavailing for the reasons set forth in *Jessla Construction Corporation v. Miami-Dade County School Board*, 48 So. 127 (Fla. Dist. Ct. App. 2010).

In *Jessla*, a defendant submitted an offer of judgment proposal that only required the plaintiff to release claims against the defendant, just like the instant case. *Id.* at 130. In *Jessla*, however, the settlement agreement purported to seek a general release from nonparties: "past, present and future **affiliates**, subsidiaries, parent companies, and all of its respective offers,

directors, partners, shareholders, employees, representatives, agents, successor and assigns." *Id.* (emphasis added). This too is like the instant case. The Florida Third District Court of Appeals found the Defendant's offer of settlement to be unambiguous, basing its decision on the clear wording of the offer of judgment proposal, finding: "it [was] clear that the Proposal was directed solely at [the plaintiff] and that the [defendant] was not requiring the participation of nonparties," and the "complained-of language in the General Release . . . is 'typical of the language contained in many general releases.'" *Id.* at 131.

The Florida Fourth District Court of Appeals has reached the same conclusion in a similar case, *FAU v. Bowman*. In *Bowman*, an offer of judgment proposal was limited to the parties and claims in the case, reading as follows: "Any and all claims which were raised or could have been raised in this action by any party against any other party." 853 So. 2d at 508. But the general release used more expansive language, releasing claims as to:

> legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, **affiliates**, parent corporations, and each of their respective present and former officers, agents, employees including, but not limited to, shareholders, directors, attorneys, insurers, sureties, successors and assigns of corporations, agencies, or political bodies, wherever the context so admits or requires."

*Id.* (emphasis added). The *Bowman* court found that the more expansive language in the general release did not render the offer ambiguous, and instead noted that: "[t]hese factors are typical of a 'general release' and do not invalidate the Proposals for Settlement." *Id.* Both appellate court decisions are grounded in decisions of the Florida Supreme Court: "The Florida Supreme Court has held that general releases contained in proposals for settlement are enforceable to further the policy of encouraging settlements." *Id.* at 509.

The dispute before the Court is indistinguishable from cases such as *Jessla* and *Bowman*.

The general release in the instant case is a typical general release.  The Plaintiff's request to strike the Defendant's offer of settlement is denied.[2]  Finally, although the Court notes that the Defendant has requested that the offer of settlement be sealed in its response, requests for relief may not be brought in a response pursuant to Local Rule 7.1.  The Defendant may file a motion to seal if the Defendant believes that any filing on the docket meets the requisite legal standard.

The Court will now turn its attention to bringing crystal-clear clarity to the Plaintiff's damages theory in this case as more fully set forth at docket entry 190.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of March, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[2] The Plaintiff briefly presses the argument that the settlement proposal was made in bad faith because the Plaintiff cannot release claims on behalf of its affiliates.  This argument does not warrant much discussion.  The Defendant's proposal is limited to the parties in this case and the claims in this case as the Court has already addressed.  The language in the general release does not invalidate the Defendant's proposal for the reasons set forth in *Jessla* and *Bowman*.  The Defendant's offer was not made in bad faith.